## McGINLEY v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department.  November 13, 1913.)

1. MASTER AND SERVANT (§ 118*) — INJURIES TO SERVANT — SAFE PLACE TO WORK.

That a bar, placed in the roof of a subway for other purposes, was negligently used by workmen under the direction of a foreman to suspend a battering ram, did not render the place unsafe to work, where proper appliances for that purpose were provided.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 177, 202, 209; Dec. Dig. § 118.*]

2. MASTER AND SERVANT (§ 190*)—INJURIES TO SERVANT—FELLOW SERVANTS.

Where workmen were directed by the foreman to suspend a battering ram from a bar designed for a different purpose, other and proper means having been provided by the master, a servant cannot recover for injuries resulting from the falling of the ram; the failure to use the appliances provided being the fault of the foreman, for which the master was not responsible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Michael McGinley against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Lyman A. Spalding, of New York City (Theodore H. Lord, of New York City, of counsel), for appellant.

Michael J. Horan, of New York City, for respondent.

BIJUR, J. This action was brought at common law for damages for injuries sustained by the plaintiff while working in the subway. Plaintiff and some fellow workmen were removing columns, and for the purpose of driving them out of place used an iron beam as a sort of battering ram. At the direction of their foreman, this battering ram was suspended by a rope slung over an iron bar in the subway roof. When the ram was used, the bar fell, and struck and injured the plaintiff. On this statement of facts it is evident that no issue was presented to submit to the jury, and defendant's motion to dismiss the complaint at the close of plaintiff's case should have been granted.

[1, 2] The doctrine that the master must furnish the servant with a safe place to work has no application, because there is no claim that there was a lack of safety in the place. The fact that a bar which was placed in the roof of the subway for concededly other purposes was improperly and negligently used by workmen under the direction of a foreman does not constitute a "place unsafe." It was conceded on the trial that defendant had furnished for this job "dogs" or clamps to sustain the weight of these battering rams in a safe way. The failure to use these was the act of the foreman in a detail of the work, or the negligence of the foreman, for neither of which, under the circumstances, defendant could in the present state of the law be charged. See Vogel v. American Bridge Co., 180 N. Y. 378, 73 N. E. 1, 70 L. R. A. 725. The motion to dismiss was renewed at the close of the defendant's case, and due exception was taken to refusals of the learned judge below to charge in accordance with requests of defendant's counsel instructing the jury as to the correct rule of law applicable to the case.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

SEABURY, J., concurs. GUY, J., taking no part.